## CIRCUIT COURT OF THE CITY OF RICHMOND

Richmond Education Association
of Richmond, Inc., et al.

v.

School Board of the City
of Richmond et al.

February 10, 1976

Case No. D-9028

### By JUDGE RICHARD L. WILLIAMS

After considering your respective memoranda, reviewing other applicable authorities, stipulations of counsel, and other filings in the above-captioned case, I have concluded that petitioners are entitled to an order declaring that Ordinance 75-248-231 passed by the City Council of the City of Richmond is not binding on the School Board of the City of Richmond.

School boards in Virginia are constitutionally and statutorily created as independent local agencies to establish, maintain, and operate school systems. Art. VIII, Sect. 7, of the Constitution of Virginia, and § 22-97 of the Code of Virginia, 1950, as amended. This authority has been further refined and reinforced by decisional law from the Supreme Court of Virginia. *Board of Supervisors of Chesterfield County* v. *School Board of Chesterfield County*, 182 Va. 266 (1944). Nothing could be more indigenous to the management and control of school funds than deciding what payroll deductions will be made from teachers' salaries. The School Board cannot avoid this responsibility by claiming that an ordinance adopted by City Council on the general subject of payroll deductions, sweeping in nature and bearing no rational relationship to the operation of a school system, is self-executing and, therefore, binding on it.

Counsel are requested to submit a decree declaring what the rights of the parties are without the restrictions imposed by Ordinance 75-248-231.